RYMER, Circuit Judge,
concurring in part and dissenting in part:
Although I concur in Parts II and III of the opinion regarding taxable costs and attorney’s fees, I part company on Part I regarding non-taxable costs because I believe our cases (understandably followed by the majority) have gone off track by relying on precedent to conclude that nontaxable costs may be awarded as attorney’s fees whenever a fee-shifting statute allowing recovery of “attorney’s fees” is invoked. Instead, I think we are obliged to determine in the instance of each statute individually whether Congress clearly intended to go beyond 28 U.S.C. § 1920, the statute that lists what costs are taxable, and in the instance of each case, to determine whether the practice in the community is for attorneys to charge particular non-taxable costs to their clients.
The Supreme Court has made clear that there must be “plain evidence of congressional intent to supersede” the limitations explicitly set out in § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Given this rule, I don’t believe it is enough just to rely on how we have interpreted “reasonable attorney’s fees” in other fee-shifting statutes. Rather, we should do so anew whenever we consider a fee-shifting statute for the first time. That’s what we did, for example, in Twentieth Century Fox Film Corp. v. Entertainment Distributing, 429 F.3d 869, 884-85 (9th Cir.2005), where we addressed an award of attorney’s fees and costs under 18 U.S.C. § 505 and concluded that Congress did clearly intend to make non-taxable costs available because § 505 allows the recovery of “full costs.” This is our first pass at FRCA. Therefore, as I see it, we should determine whether in the FRCA Congress manifest *584 ed a clear intent to exceed the limits in § 1920. Otherwise, we sidestep Crawford Fitting, and effectively nullify § 1920 by rendering it inapplicable, on a virtually automatic basis, to any statute that allows for recovery of attorney’s fees regardless of what the underlying congressional intent may be.
But even under the approach we have been taking — relying on prior cases that involve different statutes — reasonable attorney’s fees include non-taxable costs “only when it is the prevailing practice in a given community for lawyers to bill those costs separately from their hourly rates.” Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1258 (9th Cir.2006) (internal citations and quotation marks omitted). Grove provided no evidence that it is the prevailing practice to bill the nontaxable costs he seeks separately from hourly rates. I am not suggesting that it is untoward, or uncustomary in the relevant market, to do so, just that we seem to be sidestepping our own rule as well.